William T. O'Brien (*pro hac vice*)
williamobrien@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth St. N.W., Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Facsimile: (202) 637-3593

Joseph Ashby (SBN 248579)
joseph@ashbylawfirm.com
ASHBY LAW FIRM P.C.
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (213) 232-3810
Facsimile: (213) 429-0976

Attorneys for Respondent Thales Avionics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent Thales Avionics, Inc., for Use in Foreign Proceedings | Case No. 8:22-mc-00034-JVS-(KESx) **THALES AVIONICS, INC.'S REPLY IN OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG** Hon. Karen E. Scott Hearing Date:    March 6, 2023 Hearing Time:    10:00 a.m. Courtroom:    6D |

# **TABLE OF CONTENTS**

Page

I.    Introduction ....................................................................................... 1

II.   Factual Background ........................................................................... 1

III.  Argument .......................................................................................... 3

      A.    Res judicata bars Lufthansa's Second Application ............................ 4

            1.    There is an identity of claims between the First Action
                  and Second Application because Lufthansa has long
                  known about and sought discovery regarding Thales'
                  incorporation of AES components in its assemblies .................. 5

                  a.    Lufthansa has long known about the incorporation
                        of AES components in Thales assemblies ....................... 5

                  b.    The discovery Lufthansa now seeks is redundant of
                        the discovery in the First Action ................................. 7

                  c.    The applicable analysis demonstrates the identity of
                        the claims............................................................... 9

            2.    The Court's prior Orders constitute a final judgment on
                  the merits ................................................................... 10

            3.    The Parties are identical ........................................... 11

      B.    In the alternative, the Court should exercise its discretion to
            deny the Second Application ............................................ 11

            1.    The character of the foreign proceedings weighs against
                  the Second Application............................................. 13

            2.    The Second Application is an attempt to circumvent the
                  Court's prior Orders................................................. 13

            3.    The Second Application is unduly intrusive and
                  burdensome........................................................... 14

IV.   Conclusion ................................................................................ 19

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Bak v. Donahoe*,
    No. SA CV 14-1007-JVS (E), 2015 U.S. Dist. LEXIS 45545 (C.D.
    Cal. Apr. 7, 2015) ................................................................................................ 4

*Bak v. Donahoe*,
    No. SA CV 14-1007-JVS(E), 2015 U.S. Dist. LEXIS 45540, (C.D.
    Cal. Mar. 10, 2015) .............................................................................................. 4

*Cusano v. Klein*,
    264 F.3d 936 (9th Cir. 2001) ................................................................................ 4

*In re Fagan*,
    2019 U.S. Dist. LEXIS 227761 (C.D. Cal. May 10, 2019) ......................... 12, 15

*First Pac. Bancorp v. Helfer*,
    224 F.3d 1117 (9th Cir. 2000) .............................................................................. 4

*Garcia v. Aldi Inc.*,
    No. CV 22-7851 PA, 2022 U.S. Dist. LEXIS 203608 (C.D. Cal.
    Nov. 7, 2022) .................................................................................................. 4, 14

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
    633 F.3d 591 (7th Cir. 2011) .......................................................... 10, 11, 12, 16

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ...................................................................... 11, 12, 13

*In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie
    Bank Ltd.*,
    No. 2:14-cv-00797-GMN-NJK, 2015 U.S. Dist. LEXIS 72544 (D.
    Nev. May 28, 2015) ....................................................................................... 15, 16

*Khrapunov v. Prosyankin*,
    931 F.3d 922 (9th Cir. 2019) ......................................................................... 12, 13

*In re Lufthansa Technik AG*, No. 20-56293, 2021 WL 5882036 (9th
    Cir. Dec. 13, 2021) ......................................................................................... 3, 14

*Metallgesellschaft AG v. Hodapp*,
    121 F.3d 77 (2d Cir. 1997) ................................................................. 16

*In re Oasis Focus Fund LP*,
    No. 3:22-MC-0112-BGS, 2022 WL 17669119 (S.D. Cal. Dec. 14,
    2022) ............................................................................................... 15, 16

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ................................................................ 5

*In re Pioneer Corp. for an Ord. Permitting Issuance of Subpoenas to
    Take Discovery in a Foreign Proceeding*,
    No. MC 18-0037 UA (SS), 2018 WL 2146412 (C.D. Cal. May 9,
    2018) ............................................................................................... 12, 15

*Pioneer Corp. v. Technicolor, Inc.*, No. LA CV18-04524 JAK (SSx),
    2018 U.S. Dist. LEXIS 221308 (C.D. Cal. Sept. 12, 2018) .......... 15, 16

*Pioneer Corp. v. Technicolor, Inc.*,
    No. LA CV18-04524 .......................................................................... 15

*U.S. v. Glob. Fishing, Inc.*,
    634 F.3d 557 (9th Cir. 2011) ............................................................. 12

*U.S. v. Liquidators of Eur. Fed. Credit Bank*,
    630 F.3d 1139 (9th Cir. 2011) ........................................................... 10

**Rules & Statutes**

28 U.S.C. § 1782 ....................................................................................... 12

28 U.S.C. § 1782(a) .................................................................................. 13

Fed. R. Civ. P. 30(b)(6) .............................................................................. 8

L.R. 83-1.3.1 ......................................................................................... 4, 14

Respondent Thales Avionics, Inc. ("Thales") respectfully requests that the Court deny the 28 U.S.C. § 1782 application in this matter, and states:

## I.   **Introduction**

Petitioner Lufthansa Technik AG ("Lufthansa"), dissatisfied with the Court's earlier termination of its first § 1782 action against Thales, now brings this second § 1782 application in a transparent effort to press further unreasonable discovery demands that the Court has already once denied.

Lufthansa's claim that this second action arises from new information is belied by the record of the first action—Lufthansa sought and received discovery on Thales' incorporation of Astronics Advanced Electronic Systems Corp. ("AES") components in its assemblies in the first action. As a result, the res judicata effect of the Court's Orders ending the first action bars Lufthansa's renewed application.

Even were the action not barred, the Court should exercise its discretion to deny this application for at least three reasons. First, the present character of the foreign proceedings, where Lufthansa has already lost (the proceedings in France), or where Thales has already voluntarily responded to information requests (the proceedings in Germany), or where Thales' information is immaterial (the proceedings in the United Kingdom), weighs against this application. Second, Lufthansa's new application is demonstrably an effort to circumvent the discovery limits imposed by the Court's Orders ending the first action. Third, the new application is overbroad and unduly burdensome to Thales.

Lufthansa's attempt to manipulate the Court must not be rewarded. The Court should deny Lufthansa's application in its entirety.

## II.   **Factual Background**

In June 2019, Lufthansa initiated a 28 U.S.C. § 1782 action for discovery in aid of foreign proceedings in France, Germany, and the United Kingdom, and contemplated proceedings in Japan and Spain. Ex. 1, Appl. for Disc. in Aid of Foreign Litigation Pursuant to 28 U.S.C. § 1782, at 1, No. 8:19-mc-00016-UA-KES

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

(C.D. Cal. June 28, 2019), ECF No. 1 ("First Action").

There, as here, Lufthansa sought discovery in support of actions alleging that AES infringed certain of its patents relating to the provision of 110V power in the passenger compartment of aircraft. Appl. for Disc. in Aid of Foreign Litigation Pursuant to 28 U.S.C. § 1782, at 2, Dec. 30, 2022, ECF No. 1 ("Second Application").

Although Lufthansa had brought the German action in 2010—nine years before filing the First Action—Lufthansa repeatedly insisted that it now urgently needed discovery from Thales in tight timeframes in order to timely submit the material to the German court. *See* Ex. 2, Order Granting in Part & Den. in Part Lufthansa's Mot. to Compel Compliance with Document & Dep. Subpoena, at 1, 4, No. 8:19-mc-00016-JVS-KES (C.D. Cal. Sept. 16, 2020) (Scott, M.J.), ECF No. 107 ("Motion to Compel Order").

After fifteen months and a dozen hearings and status conferences, the Court dismissed the First Action. Motion to Compel Order, at 2-3. In the interim, in an effort to reasonably comply with Lufthansa's discovery requests, Thales provided, among other discovery responses, several iterations of extensive reports from its database tailored to specific requests from Lufthansa, including intricate details related to thousands of transactions, and provided testimony explaining that information in three depositions and multiple declarations. Ex. 3, Local Rule 37-2 Joint Stipulation Regarding Lufthansa Technik AG's Mot. to Compel Thales Avionics, Inc.'s Compliance with Subpoena & Dep. Notice & Thales Avionics, Inc.'s Mot. for Protective Order, at ¶¶ 16, 79, 153, No. 8:19-mc-00016-JVS-KES (C.D. Cal. Aug. 22, 2020) ECF No. 100 ("2020 Joint Stipulation").

The First Action ended with Lufthansa filing a motion to compel and Thales' cross-motion for a protective order. The Court generally denied Lufthansa's motion to compel, finding that Thales had substantially complied with its obligations, *see e.g,*. Ex. 2, Motion to Compel Order, at 4, 5, 8, and that Lufthansa had

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

"abandon[ed]" or refused all reasonable compromises of its outstanding discovery demands, *id.* at 3, 4, 5, 6, 7, 9.

Lufthansa moved the District Court to review the Magistrate Judge's Order, which the District Court denied. Order Regarding Mot. to Review, No. 8:19-mc-00016-JVS-KES, (C.D. Cal. Nov. 4, 2020) (Selna, J.), ECF. No. 122. Lufthansa then appealed the decision to the U.S. Court of the Appeals for the Ninth Circuit, which was affirmed in a memorandum opinion. *In re Lufthansa Technik AG*, No. 20-56293, 2021 WL 5882036 (9th Cir. Dec. 13, 2021). Lufthansa then petitioned for rehearing and rehearing *en banc*, which petition the Ninth Circuit denied.

Lufthansa filed the instant action in December 2022. Second Application, at 1. Lufthansa's new application alleged that additional discovery was necessary because it had only recently learned that Thales incorporated AES components into assemblies Thales sold to its customers. *Id.* at 2. Specifically, Lufthansa represented it had first learned this information from a June 2022 letter from Thales to AES responding to a request for information from the German court that AES had conveyed to Thales(. *Id.*; *see also* Ex. 4, Letter from D. Morris to C. Stoll, dated June 1, 2022 ("June 2022 Letter").

Although disclosing the existence of the First Action in its Application, Lufthansa nonetheless failed to indicate that the Second Application was a related case. *See* Thales Avionics, Inc.'s Notice of Related Cases, at 3, Jan. 12, 2022, ECF No. 11. Indeed, Lufthansa objected to the notice. Opp'n to Notice of Related Cases, Jan. 13, 2022, ECF No. 13.

## III.  <u>Argument</u>

The Court should deny the Second Application, first, because it is barred by the res judicata effect of the Court's Orders ending the First Action. In the alternative, the Court should exercise its discretion to deny the Second Application because of the present character of the foreign proceedings, because the Second Application is an improper attempt to circumvent the Court's prior Orders, and

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

because the Second Application is unduly burdensome to Thales.

## A.    Res judicata bars Lufthansa's Second Application

The Court should deny Lufthansa's Second Application because it is barred by the res judicata effect of the Court's Orders terminating the First Action. As discussed below, the record belies Lufthansa's argument that it was unaware of the incorporation of AES components into Thales assemblies at the time of the First Action. Further, the discovery sought in Lufthansa's Second Application was sought or could have been sought in Lufthansa's First Action. In short, the doctrine of res judicata prevents Lufthansa from circumventing the Court's previous Orders and authority.[1]

"When considering the effect of a prior federal court judgment, the Court applies the federal law of res judicata."*Bak v. Donahoe*, No. SA CV 14-1007-JVS(E), 2015 U.S. Dist. LEXIS 45540, at *8 (C.D. Cal. Mar. 10, 2015) (Eick, M.J.) (citing *First Pac. Bancorp v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000)), *adopted by Bak v. Donahoe*, No. SA CV 14-1007-JVS (E), 2015 U.S. Dist. LEXIS 45545, at *1 (C.D. Cal. Apr. 7, 2015) (Selna, J.).

The doctrine of res judicata "bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001) (citation omitted). Sometimes also referred to as claim preclusion, the doctrine "bars litigation in a subsequent action of any claims

---

[1] In addition to the fact of Lufthansa filing the Second Application, Lufthansa attempted to avoid the scrutiny of the Judges best positioned to detect the circumvention of the prior Orders. Despite the obvious relationship between its Second Application and the First Action, Lufthansa failed to indicate that the cases were related. *See* Thales Avionics, Inc.'s Notice of Related Cases, ECF No. 11; *see also Garcia v. Aldi Inc.*, No. CV 22-7851 PA (JEMx), 2022 U.S. Dist. LEXIS 203608, at *3 (C.D. Cal. Nov. 7, 2022) (noting L.R. 83-1.3.1's "goals of avoiding forum shopping and the unnecessary duplication of labor if two related cases are heard by different judges").

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation and internal quotations omitted).

Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (citation and internal quotations omitted).

> **1. There is an identity of claims between the First Action and Second Application because Lufthansa has long known about and sought discovery regarding Thales' incorporation of AES components in its assemblies**

Lufthansa's Second Application is a try for a second bite at the apple of the discovery sought in the First Action. The identity of the actions is demonstrated by the fact that Lufthansa has long known about and has already sought and secured discovery regarding the incorporation of AES components in Thales assemblies.

> **a. Lufthansa has long known about the incorporation of AES components in Thales assemblies**

Lufthansa's assertion that it only learned that Thales included AES components in its assemblies in June 2022 and has not previously sought discovery on this topic is contradicted by the record.

Indeed, Lufthansa noticed Fed. R. Civ. P. 30(b)(6) topics included Thales assemblies incorporating AES components:

> 5. Thales Avionics's sales practices and procedures for selling 110 V In-Seat Power Systems or Thales Avionics's assemblies incorporating 110V In-Seat Power Systems delivered to or installed in the United Kingdom, France, or Germany.

Ex. 3, 2020 Joint Stipulation, at 42. While Lufthansa complained about the preparation of the corporate representative on this topic, it acknowledged taking

deposition testimony on it. *Id.* at 43.

Further, the transcripts of the status conferences and hearings in the first action, demonstrate that from the beginning to the end of the matter, all parties understood that Thales sometimes combined AES components into its own assemblies and that Lufthansa believed that information about those assemblies was within the scope of its subpoena. For example, during the September 27, 2019, status conference with all parties, in explaining the difficulties of responding to Lufthansa's subpoena, counsel for Thales stated:

> It becomes increasingly difficult with the more parts that are involved. ... What happens, is **we have to look at each AES part and then individually track in the system into which Thales Avionics assemblies, or sub-assemblies, it might be incorporated**. And only then after building out the list, and there are, I'm told there are thousands of Avionics sub-assemblies and assemblies. And only after that search is concluded can we then actually start doing the aggregation regarding the prices paid to us for our assemblies and sub-assemblies in Germany.

Ex. 5, Transcript of Sept. 27, 2019 Telephonic Discovery Conference, 12:4-19 (Morris, D.) (No. 8:19-mc-00016-UA-KES) (emphasis added).

Another example arises a year later. During the September 1, 2020 hearing on Lufthansa's motion to compel and Thales's motion for protective order, counsel for Thales pointed to a specific production in the action providing information about Thales assemblies and subassemblies incorporating AES components:

> I believe it's the German spreadsheet specifically has a second tab that shows where Rudy took the AES part numbers from the exemplar list, cross-referenced them to their Lufthansa equivalents, and **then took those Lufthansa equivalents to identify any kits or subassemblies into which they would be incorporated** by Thales and use that universe of numbers to prepare the "ship to" and the -- and "part to" lists that we -- as far as,

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

> you know, what we ship to or bill to Germany, France, and
> U.K. So that is -- not only was done but is actually reflected
> in -- we left that in the spreadsheets so, you know, you
> could see our math and account for each step.

Ex. 6, Excerpts of Transcript of Sept. 1, 2020 Telephonic Conference Hearing,

46:24-47:10 (Morris, D.) (No. 8:19-mc-00016-UA-KES) (emphasis added).

Lufthansa's counsel acknowledged receiving this discovery:

> And just to -- I don't -- I just want to save some work, if
> possible, for Danny over there. You know, *we are aware
> that there is a tab for, you know, kits that AES parts were
> included* into on some of the more limited spreadsheets
> that do not cover sales of all of the AES part numbers. So
> we are aware that that exists.

*Id.* 48:13-22 (Smith, A.) (emphasis added); *see also* Ex. 7, Declaration of Daniel

Morris in Support of Motion for Protective Order, at ¶ 14, No. 8:19-mc-00016-UA-

KES, (C.D. Cal.  Aug. 21, 2020), ECF No. 100-5, ("In response to Lufthansa's

requests, Thales Avionics prepared and produced revised spreadsheets attempt to

filter for jurisdiction (i.e., France or Germany or the United Kingdom) using ship-to

or bill-to field to identify the identified jurisdiction. ... Further, Thales Avionics

included on these revised spreadsheets not only those specific parts, but any of the

assemblies into which those parts would have been incorporated."); Ex. 3, 2020

Joint Stipulation, at ¶¶ 44, 67.

　　　　Thus, the June 2022 Letter is nothing more than a pretext for bringing this

action that does not alter the bare fact that Lufthansa has long known and has

sought and secured discovery about Thales assemblies incorporating AES

components. S*ee* Ex. 4.

### b.  The discovery Lufthansa now seeks is redundant of the discovery in the First Action

　　　　As noted above, Lufthansa has already sought and secured discovery about

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

Thales assemblies incorporating AES components. Comparing the discovery requests of the First Action and the Second Application further demonstrates that the Second Application is redundant of the First Action.

Examples of the overlap abound. Lufthansa's first request seeks:

> 1. Documents, including but not limited to parts lists, cross reference documents, sufficient to show the part numbers and part descriptions of the components of the In-Seat Power-System, including equivalent part numbers used by Thales, AES or Thales' customers.

Application, at 63.

But Lufthansa has already sought discovery regarding "all part numbers of 110V in-seat power systems":

> 9. Documents sufficient to show **all part numbers of 110V in-seat power systems** purchased, stored, shipped, offered, returned or repaired by Thales from Astronics for installation in Airbus, Boeing, Bombardier, or Embraer aircraft in the United Kingdom, France, Spain, Germany or Japan, or in the aircraft of any other aircraft manufacturer in those countries, from the time of the first such purchases to the present.

Ex. 8, Subpoena to Produce Docs., Information, or Objects or to Permit Inspection of Premises in a Civil Action, at 6, No. 8:19-mc-00016-UA-KES, (C.D. Cal. June 28, 2019), ECF No. 1-4 ("2019 Subpoena"), (emphasis added).

Lufthansa's second request seeks:

> 2. Documents, including but not limited to shipping documents, sufficient to show, for each year since the first shipments and for each shipment, shipment instructions, the modification level, batch number, whether it was a retrofit or a linefit.

Application, at 64. And its fourth request further seeks:

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

> 4. Documents, including but not limited to purchase orders, invoices, shipping documents or offers, sufficient to show, for each year since the first purchases, for each purchase or receipt of an In-Seat Power-System or part thereof that was subsequently sold or shipped according to Request no. 2 by Thales, the modification level and batch number.

*Id.* at 64. These requests, however, only repeat Lufthansa's earlier demand for:

> 2. Documents, including, but not limited to purchase orders, offers, returns, repairs, specifications, and statements of work, sufficient to show for each year since the first purchases by Thales of Astronics' 110V in-seat power systems . . . the number of units received by Thales from Astronics . . . . and **for each part shipped into the specified countries, the shipment date, the shipping addresses, including the address of respective warehouses or storage facilities**, order addresses . . . the AES part number, Thales part number, **the modification level of the part, the geographical location of installation, whether it was a retrofit or a linefit** . . . .

Ex. 8, 2019 Subpoena, at 5 (emphasis added).

The same pattern is evident from a close comparison of all of the requests. While Lufthansa has varied the syntax or particulars, or sought otherwise to broaden the requests, all of the discovery sought in the Second Application was sought or could have been sought in the First Action.

### c.  The applicable analysis demonstrates the identity of the claims

In light of these facts, the controlling analysis demonstrates the identity of the claims between the First Action and the Second Application.

In determining the identity of claims, the court may consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same

9

evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*U.S. v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150-51 (9th Cir. 2011) (citations and internal quotations omitted). The fourth criterion is the most important. *Id.* at 1151

Here, "rights or interests established in the prior judgment would be destroyed or impaired" by the Second Application, as the Court has already found that Thales had substantially complied with its obligations, *Id.* at 1150 (citation omitted); *see e.g.*, Ex. 2, Motion to Compel Order, at 4, 5, 8, and that Lufthansa had "abandon[ed]" or refused all reasonable compromises of its outstanding discovery demands, i*d.* at 3, 4, 5, 6, 7, 9. Granting the Second Application destroys Thales' right to be free from further burdensome and intrusive discovery on these topics and will inevitably require re-litigating questions of whether Thales has done enough in the face of Lufthansa's demands.

The second, third, and fourth elements of the analysis all turn on the facts that Lufthansa has long known about the incorporation of AES components in Thales assemblies and that the Second Application's discovery requests are redundant of those in the first action. The evidence in both actions is "substantially the same." The two actions undeniably involve "infringement of the same right" and "arise out of the same transactional nucleus of facts," as Lufthansa seeks discovery to support its allegations regarding AES's infringement of Lufthansa's patent.

### 2. The Court's prior Orders constitute a final judgment on the merits

The Court's prior Orders constitute a final judgment on the merits as the only issue in a § 1782 action is the discovery sought. *See Heraeus Kulzer, GmbH v.*

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

*Biomet, Inc.*, 633 F.3d 591, 593 (7th Cir. 2011) ("The court is finished with the [§ 1782] matter—as the only matter is discovery—and when no further proceedings are contemplated, the court's last order, even if it is a discovery order, is an appealable final order.").[2]

### 3. The Parties are identical

There can be no dispute that the Parties in the First Action and the Second Application are identical.

Because the record amply reflects the identity of the claims, and the existence of a final judgment on the merits, and that the parties in both actions are identical, the Court should deny the Second Application as barred by the res judicata effect of the Court's Orders ending the First Action.

### B.    In the alternative, the Court should exercise its discretion to deny the Second Application.

In the alternative, the Court should exercise its discretion to deny the Second Application for at least three reasons. First, the character of the foreign proceedings abroad demonstrates that the discovery requests are ill-founded. Second, as discussed above, the Second Application is an attempt to circumvent the policies of the United States, namely to circumvent the Court's prior Orders. Third, the Second Application is unduly burdensome to Thales.

Contrary to Lufthansa's insinuations, the Court is permitted, and at times required, to exercise its discretion to deny applications under 28 U.S.C. § 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, (2004) ("[A]

---

[2] While the *Heraeus Kulzer* court held that the District Court improperly denied the § 1782 application and remanded for narrowing of unduly burdensome discovery requests, *id.* at 599, the court also held "district courts must be alert for potential abuses that would warrant a denial of an application," *id.* at 594. Although an application in violation of res judicata was not expressly identified as an example, that issue was not then before the court.

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."); *Khrapunov v. Prosyankin*, 931 F.3d 922, 923 (9th Cir. 2019) ("28 U.S.C. § 1782 authorizes, but does not require, federal district courts to assist in the production of evidence for use in a foreign or international tribunal."); *U.S. v. Glob. Fishing, Inc.*, 634 F.3d 557, 563 (9th Cir. 2011) ("[T]he district court should deny the request if the district court 'suspects that the request is a 'fishing expedition' or a vehicle for harassment.'") (citation omitted); *Heraeus Kulzer*, 633 F.3d at 594.

Thus, even where a petitioner is able to meet the "minimal statutory criteria,"[3] the Court exercises its discretion in determining whether or not to grant the application. *In re Pioneer Corp. for an Ord. Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, No. MC 18-0037 UA (SS), 2018 WL 2146412, at *7 (C.D. Cal. May 9, 2018) (denying application); *In re Fagan*, 2019 U.S. Dist. LEXIS 227761, at *7 (C.D. Cal. May 10, 2019) (denying application). The Court's exercise of discretion is governed by the four factors identified in *Intel*, 542 U.S. at 246. Three of those factors are relevant here:

- "[A] court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.* at 264.

- The Court must "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 264-65.

---

[3] The statute expressly requires that (a) the respondent resides or may be found in the district of the district court where the application is made; (b) that the discovery sought is "for use in a proceeding in a foreign or international tribunal"; and (c) the order issues only "upon the application of any interested person." 28 U.S.C. § 1782. Here, the statutory criteria are generally not at issue.

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

- Finally, "unduly intrusive or burdensome requests may be rejected or trimmed." *Id.* at 265.

### 1. The character of the foreign proceedings weighs against the Second Application

The character of the proceedings in France, Germany, and the United Kingdom weighs against the Second Application. Lufthansa has already lost the French action, the French court having determined Lufthansa's patent is invalid. *Cf. Khrapunov*, 931 F.3d at 926 (holding a foreign court's "willingness to proceed to judgment without the benefit of the evidence [] sought" weighed on the character and receptivity of the foreign proceedings). As recorded in the separate opposition of AES, the incorporation of AES components in Thales assemblies is immaterial to determining Lufthansa's damages in the United Kingdom action, meaning the request as to the United Kingdom fails to meet the threshold of the statutory factors. 28 U.S.C. § 1782(a) (requiring that the discovery sought be "for use" in the foreign proceeding).

Finally, in the German action, Lufthansa asserts the Second Application arises because of information that Thales voluntarily provided in response to a request from the German court. As the June 2022 Letter recites, Thales responded to the request with the information reasonably available to it. Ex. 4, June 2022 Letter, at 1. Moreover, Thales did so notwithstanding the substantial previous burden of Lufthansa's unfocused and overbroad discovery demands in the First Action. *Id.* at 2.

### 2. The Second Application is an attempt to circumvent the Court's prior Orders

Even were the Court to rule that res judicata is not an absolute bar to the Second Application, the res judicata analysis would nonetheless weigh heavily against the Second Application, which is a palpable attempt to circumvent the

Court's prior Orders.

The premise upon which the Second Application is based, that Lufthansa was not aware of the incorporation of AES components in Thales assemblies until June 2022, is false. As previously discussed, that circumstance was discussed in open court during the First Action. Lufthansa sought discovery on that circumstance during the First Action. Lufthansa acknowledged receiving discovery on that circumstance during the First Action.

Further, Lufthansa engaged in exactly the type of forum shopping L.R. 83-1.3.1 was intended to discourage, *Garcia*, 2022 U.S. Dist. LEXIS 203608, at *3, by refusing to accurately disclose that the Second Application was related to the First Action.

Finally, the overlapping scope of the Second Application's discovery requests with those of the First Action evinces an intent to press further discovery into matters where this Court has already ruled Thales has satisfactorily met its discovery obligations. This is particularly problematic given the Court's earlier findings regarding Lufthansa's troubling conduct of the First Action. Ex. 2, Motion to Compel Order, at 3, 4, 5, 6, 7, 9. The District Court rejected Lufthansa's challenge to those findings. Motion to Review Order, at 6. The Ninth Circuit affirmed the Court's Orders on appeal. *In re Lufthansa Technik AG*, 2021 WL 5882036, at 1 .

### 3. The Second Application is unduly intrusive and burdensome

The Second Application should be denied because it is unduly intrusive and burdensome in two ways. First, undue burden is inherent in requiring Thales to resubmit to and re-litigate Lufthansa's redundant discovery requests. Second, the undue burden and intrusiveness of the Second Application's discovery requests are apparent on their face.

Inherent in Lufthansa's Second Application is an undue burden to Thales. As

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

the Court found in its Order denying Lufthansa's Motion to Compel, the First Action spanned fifteen months and a dozen hearings and status conferences. Ex. 2, Motion to Compel Order, at 2-3. In attempting to reasonably comply with Lufthansa's discovery requests, Thales provided, among other discovery responses, several iterations of extensive reports from its database tailored to specific requests from Lufthansa, including intricate details related to thousands of transactions, and has provided testimony explaining that information in three depositions and multiple declarations. Ex.3, 2020 Joint Stipulation, at ¶¶ 16, 79, 153.

Requiring Thales to submit to further discovery of these topics because Lufthansa has brought the Second Application would result in Thales being either forced to resubmit to discovery the Court previously found to be unduly burdensome, *see, e.g.,* Ex. 2, Motion to Compel Order, at 4, 5, 6, 7, 9, or to re-litigate the same.

Moreover, the requests, on their face, are unduly intrusive and burdensome. *See In re Fagan*, 2019 U.S. Dist. LEXIS 227761, at *7 (denying application where discovery of financial information was unduly intrusive and burdensome); *In re Pioneer Corp.*, 2018 WL 2146412, at *8-9 (denying application where discovery would be unduly burdensome and intrusive). Indeed, courts have ***rightly rejected*** assertions by petitioners' counsel that the better result for "patently overbroad" discovery requests seeking "unduly invasive" discovery is for the parties to meet and confer or their assurances that they will, after issuance of the order, negotiate reasonably. *In re Oasis Focus Fund LP*, No. 3:22-MC-0112-BGS, 2022 WL 17669119 (S.D. Cal. Dec. 14, 2022), at *13-14 (Report & Recommendation); *see also Pioneer Corp. v. Technicolor, Inc.*, No. LA CV18-04524 JAK (SSx), 2018 U.S. Dist. LEXIS 221308, at *30 (C.D. Cal. Sept. 12, 2018) (overruling objection to order denying § 1782 application because of overbroad and unduly burdensome discovery requests); *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 U.S. Dist. LEXIS

72544, at *24 (D. Nev. May 28, 2015) ("When a party chooses to serve overly broad discovery, it runs the risk that the discovery will be denied outright without an opportunity to narrow it.").

The *Oasis* discovery requests covered an almost three-and-a-half-year period and sought 45 categories of documents, and deposition testimony on eight topics. 2022 WL 17669119 at *1. The Court noted that "the categories of documents and communications sought is lengthy and not easily summarized" but broadly written. *Id.* at *2.

As Lufthansa argues here, the *Oasis* petitioners argued that "the requests could just be trimmed or narrowed rather than denied." *Id.* at *14. The Court rejected that argument, refusing to accept that petitioners had carte blanche to inflict unduly burdensome discovery requests on the respondent:

> To be clear, the parties should attempt to resolve any dispute regarding the scope of discovery they can, but that does not allow Petitioners to request broad and unduly burdensome discovery that is not tailored to the actual issues . . . and then blame [Respondent] for not negotiating their scope. Nor is it the Court's responsibility to attempt to itself narrow these overbroad requests . . . . While the Court is certainly aware that it has the authority and discretion to do so . . . ***the requests are simply too overbroad for the Court to engage in the process.***

*Id.* (emphasis added).

Lufthansa argues that, no matter the overbreadth or undue burden of its discovery requests, the Court does not have the authority to deny the Second Application. Application, at 16. Lufthansa cites two decisions from other circuits to support this proposition, *Metallgesellschaft AG v. Hodapp*, 121 F.3d 77, 78 (2d Cir. 1997) and *Heraeus Kulzer*. While, as discussed above, *Heraeus Kulzer* is instructive for other purposes, neither authority controls the Court's discretion to deny an excessively overbroad or burdensome application. While the Ninth Circuit has not yet addressed this issue, *Pioneer Corp.*, 2018 U.S. Dist. LEXIS 221308, at

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

*27, the above-cited cases demonstrate the practice of district courts in this circuit that there is a line past which overly broad and unduly burdensome requests must be rejected.

Here, Lufthansa's requests are ridiculously overbroad and unduly burdensome.[4] For example, the full text of Lufthansa's third request is:

> Documents, including but not limited to purchase orders, invoices, shipping documents or offers, sufficient to show, for each year since the first shipments of Thales Components and for each shipment, the order class, the sales code, the sales order line, the customer information, such as the customer number, the name, the city and country code, date added, customer due date, actual shipment date, customer purchase order number, Fac code, part number, part description, quantity of units, unit price, extended price, comp flag, ship-to address, including the ship-to name, city and country code, program number, aircraft type that the part would be installed on, freight carrier, bill of lading, tail number of the aircraft that the parts would be installed on, shipment instructions, the modification level, batch number, whether it was a retrofit or a linefit.

Application, at 64. Determining the scope of this request necessarily requires consulting the definition of "Thales Components":

> "Thales Components" shall mean power supply systems and all parts thereof that are (a) suitable for being used in a system providing an alternating current supply with 110V or more, (b) licensed to be used in the passenger cabin of an aircraft, (c) capable of incorporating or being connected to one or more AES Components, or sold therewith. This definition expressly includes any modifications, adjustments, or re-designs of any such power system and all parts thereof from the date the system was introduced until May 21, 2018.

*Id.* at 62. Lufthansa is therefore requiring Thales, for each of its components

---

[4] In the event the Court decides to grant Lufthansa's Second Application, Thales is prepared to meet and confer with Lufthansa regarding Thales' objections to specific discovery requests in an effort to minimize the need for the Court to rule on those discovery disputes.

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

"suitable" for being used in a 110V system and "capable" of being incorporated or connected to an "AES Component," more than two dozen data points. Moreover, Lufthansa's definition of "AES Components" requires Thales to determine whether a particular AES part "make[s] use of the features claimed by the German and/or UK part of the European Patent 0 881 145," or is "sold therewith." *Id.* For Germany, the temporal scope of this request is fifteen years, from 2003 to 2018. *Id.* at 63.

While the temporal scope of the request for the United Kingdom is a slightly shorter eleven years, 2011 to 2022, *id.*, Thales' sales into the United Kingdom are immaterial to determination of damages attributable to AES, as discussed above.

Moreover, as Lufthansa is already aware, information regarding shipments in 2015 and earlier is especially inaccessible to Thales. Thales' current staff lack sufficient familiarity with the legacy database platform used during that period. Ex. 4, June 2022 Letter, at 1. Retrieving any information from that period would, therefore, "require an unreasonably burdensome diversion of resources into further development of an unneeded competency for current staff or the costly retention of outside consultants as well as the diversion of internal resources to equip those outside consultants with the company and industry knowledge required to complete the task." *Id.*

These document requests also intrude profoundly into Thales's operations and its relationships with its clients. The requests seek information about pricing, frequency of service, location of services, and specifications Thales's customers provided to Thales for their purposes and reflecting their business objectives.

Lufthansa's assurance that it "stands ready and willing to cooperate with Thales to try to resolve any concerns that Thales may have about the breadth of its discovery requests," (Application, at 16), is of little comfort and should be disregarded. Indeed, Lufthansa made exactly the same representation in its application for the First Action. Ex. 1, Application for Discovery in Aid of Foreign

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

Litigation Pursuant to 28 U.S.C. § 1782, at 17. Lufthansa's conduct of the First Action demonstrates that assurances of cooperation and compromise will not be realized. *See* Ex. 2, Motion to Compel Order, at 3, 4, 5, 6, 7, 9. Regardless, Lufthansa's discovery requests have dozen of interlinked subparts and require Thales to attempt to determine, in responding to the request, what AES components are at issue.

In summary, even were the Court not to find that the Second Application is barred by the res judicata effect of the Orders terminating the First Action, the Court should exercise its discretion to deny the Second Application.

## IV.   Conclusion

For the foregoing reasons, Thales Avionics respectfully requests that the Court deny Lufthansa's Application.

Dated this 8th day of February, 2023.

By: */s/ Joseph R. Ashby*
_____

Joseph Ashby (SBN 248579)
joseph@ashbylawfirm.com
ASHBY LAW FIRM P.C.
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (213) 232-3810

William T. O'Brien
william.obrien@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth St. NW, Suite 700
Washington, DC 20001
Telephone: (202) 220-8236
Facsimile: (202) 637-3593

Attorneys for Respondent
THALES AVIONICS, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG

# **L.R. 11-6.2 CERTIFICATION**

The undersigned, counsel of record for Respondent Thales Avionics, Inc. certifies that this brief contains 5,699 words, which complies with the word limit of L.R. 11-6.1.

Dated this 8th day of February, 2023

ASHBY LAW FIRM P.C.

.

By  */s/ Joseph R. Ashby*
    Joseph R. Ashby

    *Attorney for Respondent Thales Avionics, Inc.*

OPPOSITION TO 28 U.S.C. § 1782 APPLICATION OF LUFTHANSA TECHNIK AG