Lawrence D. Rosenberg
(*admitted pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
ldrosenberg@jonesday.com

Christine E. Cheung (Cal. Bar No. 335629)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539
cecheung@jonesday.com

Attorneys for Petitioner
Lufthansa Technik AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent Thales Avionics, Inc., for Use in Foreign Proceedings | Case No. 8:22-mc-00034-JVS-KES<br><br>OBJECTIONS TO AND REQUEST TO VACATE AS MOOT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING LUFTHANSA'S APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782<br><br>ORAL ARGUMENT REQUESTED |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ....................................................................................................... 2

ARGUMENT ............................................................................................................. 4

CONCLUSION .......................................................................................................... 5

# TABLE OF AUTHORITIES

Page

**CASES**

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) ........................................................................................ 2-3

*United States v. Global Fishing, Inc.*,
 634 F.3d 557 (9th Cir. 2011) ............................................................................. 3

**STATUTES**

28 U.S.C. § 1782 .............................................................................................. passim

Petitioner Lufthansa Technik AG ("Lufthansa") submits the following objections to and request to vacate as moot the Magistrate Judge's Report and Recommendation regarding its application for an order pursuant to 28 U.S.C. § 1782 to issue subpoena, upon Thales Avionics, Inc. ("Thales") to produce documents and provide testimony for use in currently pending patent infringement proceedings in Germany and the United Kingdom.

## INTRODUCTION

In light of new information Lufthansa obtained in the last few months regarding the incorporation of components manufactured by Thales ("Thales Components") into the EmPower in-seat power systems manufactured and sold by Astronics Advanced Electronic Systems ("AES"), Lufthansa filed a new § 1782 Application and subpoena (the "2022 Subpoena") concerning the integration of Thales Components into AES's In-Seat Power-Systems to create systems that infringe Lufthansa's European patents. Lufthansa's 2022 Subpoena focused on information regarding Thales Components of which it became aware through Thales' June 2022 letter to AES. However, Lufthansa did not possess information about exactly what Thales Components have been incorporated into AES's systems. Magistrate Judge Scott, in her March 31, 2023 Report and Recommendation submitted to the Honorable James V. Selna ("Magistrate Judge's Report"), recommended that Lufthansa's §1782 Application and 2022 Subpoena be denied without prejudice, so that Lufthansa can file a subpoena that is more targeted to the discovery it is seeking. Lufthansa objects to the Magistrate Judge's Report on the grounds that Lufthansa believes the Magistrate Judge should have granted discovery based on the 2022 Subpoena; nevertheless, Lufthansa will file an amended and significantly more targeted subpoena in this case within seven days of today's date that conforms with the recommendations in the Magistrate Judge's Report. Accordingly, Lufthansa requests the district court vacate the Magistrate Judge's Report and Recommendation as moot.

## BACKGROUND

In 2019, Lufthansa submitted a subpoena and application for discovery under § 1782 that sought information about components manufactured by AES ("AES Components") that were incorporated into or sold with Thales In-Flight Entertainment ("IFE") Systems ("2019 Subpoena"). Dkt. No. 30 at 2 (Supplemental Declaration of Gerd Jaekel, ¶ 2). Recently, based on a letter AES sent to Lufthansa in June 2022, Lufthansa learned that Thales Components are directly incorporated into the AES In-Seat Power-System itself. *Id*. Information about these Thales Components is relevant and extremely important to Lufthansa's damages in Germany. *Id*. at 3, 7-9 (¶¶ 7, 18-20). Lufthansa has to determine whether Thales Components are in fact a relevant part of the AES In-Seat Power-System pursuant to Lufthansa's European patents and how these parts are incorporated in the AES In-Seat Power-System to determine its infringement and damages claims. Dkt. No. 1 at 31 (Declaration of Gerd Jaekel, ¶ 19). Based on the information that is available to Lufthansa, a single additional part number subject to its damages claims can result in additional millions of U.S. dollars in damages because thousands of units are typically sold under the same part number. *Id.*

Consequently, Lufthansa filed the 2022 Subpoena and a new § 1782 Application for Discovery seeking information about these Thales Components that are integrated directly into AES's In-Seat Power-Systems to create infringing systems. Thales opposed the 2022 Subpoena, and AES joined the action as an intervening third party. The parties fully briefed the issues, and Magistrate Judge Scott held a hearing on March 7, 2023, during which the parties presented oral argument on the issues.

On March 31, 2023, Magistrate Judge Scott issued her Report and Recommendation on Lufthansa's § 1782 Application. As outlined in the Magistrate Judge's Report, there are two sets of criteria for discovery under § 1782: the statutory factors, and the factors outlined by the Supreme Court in *Intel Corp. v.*

*Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) (the "*Intel* factors"). The Magistrate Judge's Report agrees that, at least with regard to Lufthansa's pending actions in Germany, Lufthansa's § 1782 Application satisfies the statutory factors. Magistrate Judge's Report at 11-12. Next, the Magistrate Judge's Report considered the four *Intel* factors suggested by the Supreme Court: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding" such that the "foreign tribunal has jurisdiction over [it]"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the requests are "unduly intrusive or burdensome," and, if so, whether those requests can be "trimmed." *Intel*, 542 U.S. at 264-65; *see also United States v. Global Fishing, Inc.*, 634 F.3d 557, 563 (9th Cir. 2011). Regarding the first factor, Thales is not a party to the foreign proceedings, and the Magistrate Judge's Report agrees that this factor favors granting discovery. Magistrate Judge's Report at 14. As to the second and third factors, at least with respect to Lufthansa's pending actions in Germany, the Magistrate Judge's Report found that these factors do not counsel against granting discovery. *Id.* at 14-15.

The only factor that the Magistrate Judge's Report found concerning was the breadth of the 2022 Subpoena. *Id.* at 16-20. Specifically, the Magistrate Judge's Report expressed concern that the 2022 Subpoena, as drafted, could be read to encompass components or information that were already produced under the 2019 Subpoena (even though Lufthansa made clear in its briefing and oral argument that Thales would not be required to reproduce any information under the 2022 Subpoena). In light of representations made by Thales in its briefing and at the hearing, Lufthansa suggested an initial Rule 30(b)(6) deposition of Thales, followed

by the parties negotiating a more narrow subpoena. Instead, the Magistrate Judge's Report recommended Lufthansa's § 1782 Application be denied without prejudice so that Lufthansa could file a new, more targeted subpoena in accordance with the Magistrate Judge's guidance. *Id.* at 19-20. Since the Magistrate Judge's Report was issued, Lufthansa's European counsel have been occupied preparing for a significant hearing in the German action, which took place on April 12, 2023.

## ARGUMENT

As recommended by the Magistrate Judge's Report, Lufthansa will file a new § 1782 Application and subpoena within seven days (by April 21, 2023) that conforms to the comments Magistrate Judge Scott set forth in her Report and Recommendation. Lufthansa will tailor the subpoena so that it specifically seeks documents related to Thales Components that are directly incorporated into In-Seat Power-Systems and that were not asked for by the 2019 Subpoena. Given that the Magistrate Judge's Report already approved Lufthansa's 2022 Subpoena in all other respects—with regard to the statutory and *Intel* factors discussed above—Lufthansa believes this amended § 1782 Application and Subpoena should and will be granted.

Lufthansa believes it was appropriate to file the 2022 Subpoena based on the information it had at the time, and the belief that broad requests were necessary. As mentioned in the Magistrate Judge's Report, "Counsel acknowledged that 'determining what is really part of the infringing [AES 110-volt power] system [and thus relevant to damages] versus the IFE exclusively is a bit of a challenge.'" Magistrate Judge's Report at 18. Thus, Lufthansa proposed an initial Rule 30(b)(6) deposition of Thales to clarify statements Thales made in its briefing and during the hearing about how Thales Components are integrated into AES In-Seat Power Systems, after which Lufthansa and Thales could have negotiated to narrow the 2022 Subpoena. However, Magistrate Judge Scott declined to follow this proposed procedure, instead recommending that the Court deny Lufthansa's § 1782

Application without prejudice and allow Lufthansa to file a new, more targeted application and subpoena. Lufthansa believes that the Magistrate Judge should have followed its proposed procedure and that granting a Rule 30(b)(6) deposition of Thales in advance of tailoring the subpoena would have saved both parties time and resources; nevertheless, as Magistrate Judge Scott recommended, Lufthansa will file a significantly more tailored subpoena that will focus on the Thales Components at issue. Lufthansa will also propose a sensible procedure for discovery that is as efficient as possible and imposes a lower burden on Thales.

Given that Lufthansa is no longer seeking relief under its December 30, 2022 § 1782 Application and subpoena, and that it will instead seek relief under an amended application and subpoena in this case according to the Magistrate Judge's guidance that it will file within seven days, it is appropriate for the District Court to vacate as moot the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the foregoing reasons, the Court should vacate as moot the Magistrate Judge's Report and Recommendation regarding Lufthansa's § 1782 Application.

Dated this 14th day of April, 2023.

By: */s/ Christine E. Cheung*

Lawrence D. Rosenberg
(*admitted pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
ldrosenberg@jonesday.com

Christine E. Cheung (Cal. Bar No. 335629)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539
cecheung@jonesday.com

Attorneys for Petitioner
LUFTHANSA TECHNIK AG