William T. O'Brien (*pro hac vice*)
williamobrien@eversheds-sutherland.com
John W. Lomas, Jr. (*pro hac vice*)
johnlomas@eversheds-sutherland.com
Ariana Cheng (*pro hac vice*)
arianacheng@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth St. N.W., Ste. 700
Washington, D.C. 20001
Telephone: (202) 383-0100
Facsimile: (202) 637-3593

Joseph Ashby (SBN 248579)
joseph@ashbylawfirm.com
ASHBY LAW FIRM P.C.
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (213) 232-3810
Facsimile: (213) 429-0976

Attorneys for Respondent Thales Avionics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Application of LUFTHANSA TECHNIK AG, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondent Thales Avionics, Inc., for Use in Foreign Proceedings | Case No. 8:22-mc-00034-JVS-(KESx)<br><br>**THALES AVIONICS, INC.'S RESPONSE TO LUFTHANSA TECHNIK AG'S OBJECTION**<br><br>Hon. Judge James V. Selna |

THALES AVIONICS, INC.'S RESPONSE TO LUFTHANSA TECHNIK AG'S OBJECTION

1

## I. Introduction

The Court should overrule Lufthansa Technik AG's ("Lufthansa") objections to the Magistrate Judge's Report & Recommendation regarding Lufthansa's application for an order pursuant to 28 U.S.C. § 1782 and deny Lufthansa's request to vacate the decision as moot.

Lufthansa has not properly stated an objection—it has merely stated a generalized and conclusory contention that it disagrees with the Report & Recommendation. Lufthansa's irregular request to vacate the decision as moot would be a disservice to the parties and the Court because the record evinces Lufthansa's need for strong judicial guidance and supervision.

## II. Factual Background

After fifteen months and a dozen hearings and status conferences, an Order of this Court ended Lufthansa's first Section 1782 action against Lufthansa, an Order affirmed on appeal. *See* Report & Recommendation, at 19, Mar. 31, 2023, ECF No. 41 (hereinafter "R&R") (noting the Court's decision on Lufthansa's motion to compel that had been brought "as if an entire year of negotiations and discovery conferences had never occurred.").

Lufthansa filed the instant action in December 2022. Appl. for Disc. in Aid of Foreign Lit. Pursuant to 28 U.S.C. § 1782, at 1, Dec. 30, 2022, ECF No. 1 (hereinafter "Application").

Lufthansa disclosed the existence of the First Action in its Application, but failed to make the appropriate filings to relate the Second Application to the First Action. *See* Thales Avionics, Inc.'s Notice of Related Cases, at 3, Jan. 11, 2023, ECF No. 11. Indeed, Lufthansa objected to Thales's notice of related cases. Opp'n to Notice of Related Cases, Jan. 13, 2023, ECF No. 13. The Court determined the matter was a related action. Consent Order Re Transfer Pursuant to Gen. Order 21-01 (Related Cases), Jan. 13, 2023, ECF No. 14.

On March 31, after reviewing the briefing of the parties and a hearing

1  approaching two hours in length, Magistrate Judge Scott issued the Report &
2  Recommendation, denying Lufthansa's Second Application but without prejudice
3  to "future § 1782 application(s) drafted with clearly defined terms to avoid
4  subpoenaing documents subpoenaed in 2019 and minimize the need for extensive
5  negotiations or judicial intervention to target new information actually relevant to
6  Lufthansa's damages." R&R, ECF No. 41.

7  Lufthansa then filed its objection and request to vacate.

**III.   Argument**

    **A.   Lufthansa has not properly stated an objection to the Report & Recommendation**

Lufthansa's objection should be overruled as Lufthansa has not properly stated an objection. "The federal rules require specific written objections" to a Magistrate Judge's Report & Recommendation. *Rodriguez v. Hill*, No. 13cv1191-LAB (DHB), 2015 U.S. Dist. LEXIS 8096, at *2 (S.D. Cal. Jan. 22, 2015); *see also Bridgeman v. Stainer*, No. 12-CV-212 BEN (PCL), 2014 U.S. Dist. LEXIS 63374, at *2 (S.D. Cal. May 7, 2014). "To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report." *Id.*, at *3 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Here, Lufthansa's objection consists merely of the conclusory and general statements that it "believes" it was appropriate to file the application and subpoena that the Report & Recommendation would deny, and that it "believes" Magistrate Judge Scott "should have followed [Lufthansa's] proposed procedure" in resolving the overbreadth of the application and subpoena. Obj. to Req. to Vacate as Moot Mag. Judge's R. & R., at 4-5, Apr. 14, 2023, ECF No. 44.

Lufthansa has not stated a specific, well-grounded objection but only a conclusory and general objection that the District Court need not consider. Lufthansa has declared it thinks Magistrate Judge Scott should have ruled differently, but that alone is insufficient to state a proper objection.

**B.  Filing an amended application and subpoena does not render the Report & Recommendation moot**

Similarly, Lufthansa's irregular request to vacate the Report & Recommendation as moot should be denied for three principal reasons.

<u>First</u>, a stated intention to comply with a decision does not render that decision moot. Lufthansa states that, while it disagrees with the Report & Recommendation, it will nonetheless comply with it by filing an amended application and subpoena[1]—but this no more moots the decision than if a plaintiff insisted an order granting a motion to dismiss is mooted by the plaintiff stating after the fact that it will file an amended complaint in response to such order.

<u>Second</u>, the Report & Recommendation serves an important purpose in narrowing the scope of the issues to be considered moving forward. The parties and the Court invested substantial resources in securing that narrowed scope. Vacating the Report & Recommendation would act counter to principles of judicial economy, requiring the parties and the Court to potentially reconsider them anew. It is disruptive and unnecessary. Particularly given Lufthansa's stated belief that the Report & Recommendation did not decide the issue correctly, the parties need the guardrails the Report & Recommendation provides. Thales should not be left with the risk of being forced to re-litigate (again, as this was Lufthansa's second Section 1782 application) the matter.

<u>Third</u>, the record evinces a pattern of Lufthansa seeking to avoid

---

[1] Lufthansa proceeded on April 21, 2023 to file its new application for discovery. ECF No 45. Thales Avionics intends to file a response to the application and to meet and confer with Lufthansa in an effort to reach agreement on a briefing schedule.

3

accountability. In the first Section 1782 action, despite assurances of compromise and apparent agreements, Lufthansa ultimately moved to compel "full compliance with the 2019 subpoena as if an entire year of negotiations and discovery conferences had never occurred." R&R, at 19. In a transparent attempt to avoid the scrutiny of the Judges who had brought the first action to a conclusion, Lufthansa failed to mark its second application as a related case and, indeed, objected to Thales's notice of related cases. *Id.*, at 8. Now, having received a decision that largely decides against it and records Lufthansa's previous discovery misconduct, Lufthansa seeks to have that decision vacated.

## IV. Conclusion

For the foregoing reasons, Thales respectfully requests that the Court overrule Lufthansa's objection and deny its irregular request to vacate the Report & Recommendation.

Dated this 28th day of April, 2023.

By: */s/ Joseph R. Ashby*
Joseph Ashby (SBN 248579)
joseph@ashbylawfirm.com
ASHBY LAW FIRM P.C.
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone: (213) 232-3810

William T. O'Brien (*pro hac vice*)
william.obrien@eversheds-sutherland.com
John W. Lomas, Jr. (*pro hac vice*)
johnlomas@eversheds-sutherland.com
Ariana Cheng (*pro hac vice*)
arianacheng@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
700 6th St. NW, Suite 700
Washington, D.C. 20001
Telephone: (202) 220-8236
Facsimile: (202) 637-3593

Attorneys for Respondent
THALES AVIONICS, INC.

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for Respondent Thales Avionics, Inc. certifies that this brief contains 1,061 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 28, 2023         ASHBY LAW FIRM P.C.

By  */s/ Joseph R. Ashby*
    Joseph R. Ashby

*Attorney for Respondent*
*THALES AVIONICS, INC.*